# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM SCOTT, | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:20CV83 |
| WAKE FOREST UNIVERSITY, et al. | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff William Scott's application to proceed *in forma pauperis* ("IFP"). (Docket Entry 1.) The Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

1

A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The court does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Additionally, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Thus, original jurisdiction lies in two types of cases: (1) those involving federal questions and (2) those involving diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). Questions concerning subject matter jurisdiction may be raised at any time by the parties or *sua sponte* by the Court. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Plaintiff bears the burden of showing that jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Should the Court conclude that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

2

Case 1:20-cv-00083-WO-JLW   Document 5   Filed 01/30/20   Page 2 of 4

Plaintiff's complaint raises numerous causes of action under federal and state law regarding his exposure to smoking by his former co-workers. (Complaint ¶¶ II(A), II(B)(3), IV, Docket Entry 2.) Specifically, Plaintiff lists his federal causes of action as "N.C Gen. Stat. § 42-42, Clean Air Act, Clean Water Act, Smoking inside Buildings." (*Id.* ¶ II(A).) Plaintiff seeks one billion dollars in relief from Defendant Wake Forest University, his former employer, as well as the United States Department of Education for injuries resulting from his exposure to secondhand smoke and other safety and health concerns. (*Id.* ¶ IV.)

The Court notes that neither the North Carolina General Statutes nor "smoking inside buildings" are not causes of action under federal law that give rise to federal jurisdiction. While both the Clean Air Act, 42 U.S.C. § 7401, *et seq.*, and the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, do satisfy federal question jurisdiction, Plaintiff does not allege, as required by statute, that Defendants violated an emission or effluent standard or an order set by the Administrator of the Environmental Protection Agency or a state with respect to such a limitation. *See* 23 U.S.C. § 1365(a)(1); 42 U.S.C. § 7604(a)(1); *see also Chun v. Simpson*, CIVIL 15-CV-00102 LEK-RLP at *6 (D. Haw. May 5, 2015) (holding that the plaintiff alleging harm from exposure to second-hand smoke did not state a claim under the Clean Air Act because he did not identify the specific standard or limitation the defendants allegedly violated). The remainder of Plaintiff's claims are state-law claims that do not satisfy the requirements for diversity jurisdiction, and therefore, subject-matter jurisdiction.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Docket Entry 1) is **GRANTED** for the sole purpose of entering this Order and Recommendation.

3

**IT IS RECOMMENDED** that the Complaint be dismissed for failure to state a claim and lack of subject matter jurisdiction.

_____
Joe L. Webster
United States Magistrate Judge

January 30, 2020
Durham, North Carolina